IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DERRICK RAY,

                Petitioner

VS.

ANTHONY WASHINGTON, WARDEN,

                Respondent

NO. 5:10-CV-86 (CAR)

PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U.S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court is respondent Anthony Washington's motion seeking dismissal of the above-captioned petition. Tab #11. Therein, respondent Washington contends that, prior to filing the instant action, petitioner Derrick Ray failed to exhaust his available state judicial remedies as required by 28 U.S.C. §2254(b) and (c) and *Rose v. Lundy*, 455 U.S. 509 (1982). The petitioner has responded to the respondent's motion. Tab #14. The motion seeking dismissal is ripe for review.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 14, 2008, in Bibb County, Georgia, the petitioner pled guilty to two (2) counts of child molestation. Consequently, he was sentenced to twelve (12) years probation and was placed on the state sex offender registry. On February 22, 2010, petitioner Ray filed the instant **federal** petition. Tab #1. Therein, and in his sole ground for relief, the petitioner contends that the part of his sentence requiring that he be placed upon the state sex offender registry is in violation of his Eighth Amendment rights insofar as it constitutes cruel and unusual punishment. In response, and upon the assertion that the petitioner has made no attempt whatsoever to present his claim to the state courts prior to filing the instant petition, the respondent filed the instant motion seeking dismissal.

## LEGAL STANDARDS

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (*citing Ex Parte Royall*, 117 U.S. 241 (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court. It is "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971). Moreover, the exhaustion requirement was designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

## DISCUSSION AND CONCLUSION

Having carefully reviewed the record in this case, it appears undisputed that petitioner Ray failed to exhaust any of his available state judicial remedies prior to filing the instant petition. Accordingly, **IT IS RECOMMENDED** that the respondent's MOTION TO DISMISS be **GRANTED** and that the instant petition be **DISMISSED** *without prejudice* to his right to re-file if and when he exhausts his state remedies, **PROVIDED** he is otherwise permitted by law to so proceed. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 14th day of OCTOBER, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE